Justice Thomas,
concurring in the judgment.
In Padilla v. Kentucky, 559 U. S. 356 (2010), this Court held that the Sixth Amendment requires an attorney for a criminal defendant to apprise his client of the risk of deportation created by a guilty plea. I dissented. The Sixth Amendment provides that “[i]n all criminal prosecutions,” an accused enjoys the right “to have the Assistance of Counsel for his defence.” By its terms, this right extends “to legal *359 advice directly related to defense against prosecution of the charged offense,” and “[tjhere is no basis in text or in principle” to expand the reach of this guarantee to guidance concerning the collateral consequences of a guilty plea. Id., at 389-390 (Scalia, J., dissenting). Today, the Court finds that Padilla announced a new rule of constitutional law and that, under our decision in Teague v. Lane, 489 U. S. 288 (1989), “defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding.” Ante, at 358. I continue to believe that Padilla was wrongly decided and that the Sixth Amendment does not extend—either prospectively or retrospectively—to advice concerning the collateral consequences arising from a guilty plea. I, therefore, believe that the Teague analysis is unnecessary and thus concur only in the judgment.